OPINION
{¶ 1} Defendant-appellant James M. Fortune appeals from the consecutive sentences entered by the Ashland County Court of Common Pleas, in Case Nos. 04-CRI-081 and 04-CRI-112. Plaintiff-appellee is the State of Ohio.
 {¶ 2} On or about October 26, 2004, appellant was indicted in Case Nos. 04-CRI-081 with one count of violating a protection order or consent agreement in violation of R.C. 2919.27 (A)(1), a felony of the fifth degree. On November 22, 2004, appellant entered a plea of guilty to that indictment. The trial court deferred sentencing and ordered a pre-sentence investigation be conducted.
 {¶ 3} On December 15, 2004, appellant was indicted in Case No. 04-CRI-0112 with one count of violating a protection order or consent agreement in violation of R.C. 2919.27 (A)(1), a felony of the fifth degree.
 {¶ 4} On January 3, 2005, the court conducted a sentencing hearing in Case No. 04-CRI-081. Prior to sentencing appellant in that case, the trial court accepted appellant's guilty plea in Case No. 04-CRI-112. The court noted that it had previously ordered a pre-sentence investigation in Case No. 04-CRI-081 and the court was prepared to enter sentence in both cases. Appellant consented to the court proceeding in both cases.
 {¶ 5} The trial court sentenced appellant to 12 months on each count to be served consecutively for a total of 24 months. It is from this sentence that appellant has filed an appeal in each case raising the following assignment of error:
 {¶ 6} "I. THE IMPOSITION OF CONSECUTIVE SENTENCES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 I. {¶ 7} In his sole assignment of error in each case, appellant alleges that the trial court erred when it sentenced appellant to consecutive sentences. Appellant contends that the trial court failed to make all of the findings to impose consecutive sentences and that the findings made by the trial court were not supported by the record. We disagree.
 {¶ 8} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E) (4) and R.C. 2929.19(B) (2) (c). R.C. 2929.14(E)(4) states as follows:
 {¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." Revised Code 2929.19(B) (2) (c) requires that a trial court state its reasons for imposing consecutive sentences.
 {¶ 13} In State v. Comer, the Ohio Supreme Court held that the findings and reasons to impose consecutive sentences must be stated by the trial court at the sentencing hearing. State v. Comer (2003),99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 14} The import of the decision in State v. Comer, supra, is that the trial court must explain its decision to impose consecutive sentences to a defendant and base its decision upon the statutorily enumerated criteria. This procedure allows trial counsel "the opportunity to correct obvious errors . . . [and] encourages judges to decide how the statutory factors apply to the facts of the case." Id. at 477-78. This procedure will also enable an appellate court to conduct a meaninful review of the sentencing decision Id. at 465-66. "Meaningful review" means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id. at 466. (citations omitted).
 {¶ 15} It is interesting to note that in the case at bar appellant's counsel neither objected to the conduct of the sentencing hearing nor the imposition of consecutive sentences on the record. Obviously, had trial counsel contended the court failed to follow either the Comer decision or R.C. 2929.14, the error could have been argued and corrected at the trial court level. Appellant also does not, unlike the Comer case, argue that the trial counsel was ineffective for his failure to object at the sentencing hearing.
 {¶ 16} R.C. 2953.08 (G) (l) (a) instructs the appellate court to review the "record" to determine whether consecutive sentences were properly imposed in a given case.
 {¶ 17} The record in the cases at bar supports that the trial judge found that each of the requirements of 2929.14 (E) were met. In support of its findings, the trial court stated at the sentencing hearing that its decision was based on the appellant's criminal past, including felony convictions for two counts of receiving stolen property, aggravated trafficking in cocaine, intimidation and domestic violence. (T. at 15). The trial court further noted that appellant "has four separate commitments to the Ohio Prison system. He has been declared a parole violator at large on three separate occasions which resulted in his return to the Ohio prison system." (Id.). Appellant further has a history of misdemeanor criminal convictions including possession of marijuana, drug paraphernalia, drug abuse, criminal damaging, assault, disorderly conduct, three counts of domestic violence, threatening and harassing phone calls, violating a protection order, aggravated menacing of a public servant, aggravated menacing, driving under suspension and three counts of contempt of court. (Id. at 14-15). Appellant's juvenile record includes criminal damaging, assault, eleven counts of theft, criminal trespass, menacing, six counts of unruly and two counts of runaway. (Id. at 14). The trial court noted; "The court documents in municipal court, felony court, and the parole authority all agree that the offender's performance under supervision has been poor. He's resisted treatment, whether it be drug and alcohol, mental health or domestic violence counseling. He's refused all treatment programs, outpatient and inpatient. And his behavior while incarcerated is described as threatening, violent and resistant to any type of treatment programs." (Id. at 15). The trial court noted that after pleading guilty to Violating a Protection Order or Consent Agreement in Case No. 04-CRI-081, appellant, while incarcerated, again sent letters to the victim on or about November 24, 2005, resulting in the filing of a second complaint in Case No. 04-CRI-112. (Id. at 13-14). The court found based upon these factors that recidivism is likely. (Id. at 16). The court found that "[u]nder seriousness, the victim did suffer serious psychological harm as a result of the offense and there was a relationship with the victim which did facilitate the offense." (Id. at 16). The court specifically found "that consecutive sentences are necessary to protect the public, that they are not disproportionate to the seriousness of the defendant's conduct, and further, under section 2929.14(C), that the offender does pose the greatest likelihood of committing future crimes. (Id. at 16-17).
 {¶ 18} Thus, we find that the trial court provided sufficient findings as to all three elements required to impose consecutive sentences.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgments of the Ashland County Court of Common Pleas are affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs to appellant.